[No. 38820.   Department One.   February 2, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. RUSSELL LOREN O'BREMSKI, *Appellant*.*

*Joseph T. Pemberton* and *Jacob L. Smith* (Appointed counsel for appeal), for appellant.

*Richard A. Nelle* and *Leslie A. Lee*, for respondent.

*Reported in 423 P.2d 530.

JAMES, J.†—On or about October 21, 1965, a family reported to the Bellingham police that their 14-year-old daughter had run away from home. Patrol officers were alerted to be on the lookout for her. At 10 p.m. on October 28, 1965, it was reported to the police that the runaway girl and a man known as "Russ" were seen in an automobile identified as to make, year, and license number. The car was observed and stopped. It was being driven by a 19-year-old boy with a juvenile boy as a passenger. The juvenile boy told the officers that he had been with Russ and the girl and left them at Russ' apartment. The boy then led the two policemen to the apartment and pointed out the door. The officers knocked and shortly thereafter the door was opened by appellant who was clad only in trousers. Appellant asked what was wanted and was told by one of the officers that they were looking for the juvenile girl (naming her). The officers pushed the door open and entered the kitchen of the apartment. Appellant then said, "You can't come in here," or words to that effect. The officers nevertheless searched the apartment and found the girl, hiding behind a couch in the living room, nude, but covered with a blanket. Both appellant and the girl were taken into custody and were interviewed at the police station. Appellant was then booked and charged with carnal knowledge of a girl under 15 years of age.

In his timely motion to suppress, appellant asserted that any evidence obtained as a result of the search was illegally obtained and therefore inadmissible. In his memorandum decision denying the motion Judge Hardin noted that the officers had no search warrant or warrant for the arrest of either appellant or the girl. He also noted that at the hearing before him the officers admitted that they had no reasonable grounds to believe that a felony had been committed in the apartment.

At the outset of the subsequent trial the motion to suppress was renewed. It was denied by the trial court and

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

appellant's counsel was allowed a running objection to the admission of any evidence obtained as a result of the search.

A jury trial culminated in a guilty verdict. Appellant offered no evidence.

The prosecution did not call the arresting officers as witnesses. The only evidence presented was the testimony of the two boys who had directed the officers to the apartment and the testimony of the runaway girl. She gave the only evidence of the actual commission of the crime charged, carnal knowledge.

Appellant's assignments of error are:

I

Failure of the court to sustain appellant's motion to suppress the evidence in that (a) The trial judge erred in finding that the appellant as a guest in the apartment of another cannot object to an unreasonable search of the apartment. (b) The trial judge erred in finding that the appellant waived his rights to claim immunity based upon unreasonable searches and seizures by his failure to object to the search. (c) The trial judge erred in finding that the appellant was on the premises solely for the purpose of engaging in unlawful activities and therefore not capable of entertaining a motion to suppress. (d) The trial judge erred in finding that the appellant was not entitled to constitutional safeguards where the police are acting against juveniles who have no constitutional safeguards.

II

Failure of the court to grant appellant's objection to testimony of the prosecuting witness.

III

Failure of the court to grant appellant's motion for a new trial.

IV

Failure of the court to find that RCW 13.04.120 cannot be construed constitutionally to allow police officers to enter a

home or dwelling of another in a situation where they would not ordinarily be legally entitled to inspect.

Inasmuch as the only evidence of the commission of the crime charged was the testimony of the 14-year-old girl, our ruling on assignment No. II (the refusal of the trial court to suppress her testimony) will be dispositive of all remaining assignments of error.

█ The constitutional restraints (both U. S. Const. amend. 4, and Const. art. 1, § 7) against unreasonable searches and seizures extend not only to evidence directly obtained, but also to derivative evidence. *Silverthorne Lbr. Co. v. United States*, 251 U. S. 385, 64 L. Ed. 319, 40 Sup. Ct. 182, 24 A.L.R. 1426 (1920); *Nardone v. United States* 308 U.S. 338, 84 L. Ed. 307, 60 Sup. Ct. 266 (1939); *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 Sup. Ct. 407 (1963).

We have consistently adhered to the exclusionary rule expounded by the United States Supreme Court, *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390 (1922); *State v. Biloche*, 66 Wn.2d 325, 402 P.2d 491 (1965), and have likewise embraced the "fruit of the poison tree" doctrine in extending it to secondary evidence. *In re McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965).

The critical question in this case then is: Assuming (without so deciding) that the search of the apartment was unlawful, should the trial court have ruled that the testimony of the girl was inadmissible because it was "indirect" evidence obtained as the result of an unlawful search?

The extension of the exclusionary doctrine to derivative products of an unlawful search was first enunciated by the United States Supreme Court in *Silverthorne v. United States, supra.*

Several courts have subsequently held that testimony of a witness discovered as a result of an illegal search is not admissible in a criminal prosecution. *People v. Albea*, 2 Ill. 2d 317, 118 N.E. 277, 41 A.L.R.2d 895 (1954); *State v. Rogers*, 27 Ohio Op. 2d 105, 198 N.E.2d 796 (1963); *People v. Mickelsen*, 59 Cal. 2d 448, 380 P.2d 658 (1963); *People v. Grossman*, 45 Misc. 2d 557, 257 N.Y.S.2d 266 (1965).

As expressed by Mr. Justice Holmes in *Silverthorne, supra,* however, the rule was carefully circumscribed as follows at 392:

> Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, . . . .

Whether or not specific evidence is the unusable yield of an unlawful search or is admissible because knowledge of its availability was obtained from an independent source is a question of fact which must be peculiar to each case. The exclusionary rule is neither a statutory enactment nor an express provision of the fourth amendment to the United States Constitution. It is rather a command, judicially implied, intended to impose restraints upon law enforcement officers and to discourage abuse of authority when constitutional immunity from unreasonable search is involved. *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081, 81 Sup. Ct. 1684, 84 A.L.R.2d 933 (1961). In each case the rights of the accused must be balanced against the rights of the public. *Hollingsworth v. United States,* 321 F.2d 342 (10th Cir. 1963).

■ We are not here concerned with any constitutional protections which might be afforded the juvenile girl, for she complains of no infringement. Her apprehension pursuant to provisions of the juvenile code, RCW 13.04.120, was for her protection. *Weber v. Doust,* 84 Wash. 330, 146 Pac. 623 (1915); *In re Lewis v. Superior Court,* 51 Wn.2d 193, 316 P.2d 907 (1957). She was the victim of the crime.

■ Knowledge of the existence of the girl and of her presence in the apartment was not the "product" of the search. Her parents had reported her missing and had sought the aid of the police. The boy in the automobile had located her in the apartment. She was not therefore a witness discovered solely as a result of a search. And, as recently said in *Burke v. United States,* 328 F.2d 399, 402 (1st Cir. 1964):

> [K]nowledge of information gained from an independent source does not become unusable merely because the

same information is subsequently discovered during an illegal search.

Therefore, as knowledge of the girl was gained from independent sources, her testimony was not a derivative product of an unlawful search.

Inasmuch as no evidence obtained as a result of the search was admitted at the trial, the remaining assignments of error are not germane and need not be discussed. Appellant has not suffered any denial of constitutional rights.

The judgment is affirmed.

HILL, OTT, HUNTER, and HAMILTON, JJ., concur.