[No. 889-3.    Division Three.    April 29, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN EDWARD YORK, *Appellant*.

*Michael W. Leavitt* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

McINTURFF, J.—Defendant appeals from a judgment upon a jury verdict of guilty of five counts of second-degree burglary.

The defendant, along with two other persons, was accused of participating in the burglary of five separate residences in Yakima, Washington on the evening of December 29, 1972. The trio had rented a unit at the Magic Key Motel until noon the following day. During the evening the various items taken in the burglaries, *i.e.*, television sets, guns, jewelry boxes, and other sundry items, were carried into

the motel unit by defendant and his two accomplices while the motel owner was observing.

On the next morning, December 30, the motel owner was approached by an individual requesting admission to the motel unit but the request was dishonored since this individual was not the person who had rented the room. Instead, the motel owner accompanied him to the room to see if anyone was there. Upon opening the door, he immediately noticed several television sets in the room, but did not allow him access to the room because no one was present. Upon inquiry, this individual could not give the name of the person who had rented the unit, and further, upon inquiry by the motel owner about the television sets, he stated that they were TV repairmen.

About 8 o'clock on the morning of December 30, the motel owner and his wife were suspicious, so they entered the motel unit to see specifically what was located in the room. Observing the various items in the room, they contacted the Yakima Police Department.

Detective Wentz, of the Yakima Police Department, arrived at the motel and was taken to the unit rented by the defendant and his accomplices. He entered the room, conducted a search, obtained the serial number from a television set, and called the Yakima County sheriff's office to check the serial number on the television set to determine if it was listed as stolen. He was informed it was a stolen television set, and that burglaries involving guns and stereo equipment the previous evening had occurred. At this point in time Detective Wentz had neither a search warrant nor the consent of any of the parties renting the room to conduct a search.

The motel room was then placed under surveillance, resulting in the arrest of one of the accomplices when he returned to the motel room. Subsequently, items in the room were inventoried and removed without the aid of a search warrant. Defendant was arrested some 2 days later in LaGrande, Oregon.

Defendant's motion to suppress the evidence obtained from the motel room was denied. The court ruled that the entry into the room by Detective Wentz constituted an illegal search, but the evidence regarding the items of stolen property in the motel room came from an independent source, the motel owners, and therefore was admissible.

At trial, the state chose not to seek admission into evidence of those items taken from the motel room, but instead, had the victims of each burglary testify that they had gone to the police station and identified the items which had been stolen from their premises. Detective Wentz then testified that these items were the items that had been recovered from the motel room in question.

Defendant first contends the trial court erred in holding the evidence obtained from the search of the motel room admissible because it came from an independent source.

█ Fourth Amendment constitutional protection against illegal search and seizure protect only against governmental actions, and does not require the application of the exclusionary rule to evidence obtained from private citizens. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Burdeau v. McDowell,* 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574, 13 A.L.R. 1159 (1921). Evidence obtained during an illegal search does not make unusable the same evidence previously gained from an independent source. *State v. O'Bremski,* 70 Wn.2d 425, 423 P.2d 530 (1967).

The exclusionary prohibition extends as well to the indirect, as the direct, products of such invasions. *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, 64 L. Ed. 319, 40 S. Ct. 182, 183, 24 A.L.R. 1426 (1920). Justice Holmes, speaking for the court in that case, in holding that the government might not make use of information obtained during an unlawful search to subpoena from the victims the very documents illegally viewed, expressed succinctly the policy of the broad exclusionary rule:

The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so

acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an *independent source* they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed.

(Italics ours.)

In *Wong Sun v. United States,* 371 U.S. 471, 485, 9 L. Ed. 2d 441, 83 S. Ct. 407, 416 (1963), the court said:

It follows from our holding in *Silverman v. United States,* 365 U.S. 505, [5 L. Ed.2d 734, 81 S. Ct. 679] that the Fourth Amendment may protect against the over-hearing of verbal statements as well as against the more traditional seizure of "papers and effects." Similarly, testimony as to matters observed during an unlawful invasion has been excluded in order to enforce the basic constitutional policies. *McGinnis v. United States,* 227 F.2d 598. *Thus, verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest as the officers' action in the present case is no less the "fruit" of official illegality* than the more common tangible fruits of the unwarranted intrusion. See *Nueslein v. District of Columbia,* 115 F.2d 690.

(Footnote omitted. Italics ours.)

The determinative factual question to answer is what information was in fact provided by the independent source. Succinctly stated, the information received from the motel owner and his wife was an expression of their suspicions that the various personal properties contained in the motel unit were stolen property. They expressed no evidence of known criminal activity. At this point in time, the officers had no knowledge that the TV sets, etc. found by the motel owner and his wife were stolen, nor that any specific articles of personal property of this nature had been stolen in the area. Thus, no probable cause for a search warrant existed, nor did the information gained from the independent source, *i.e.,* the motel owner and his wife, ever rise beyond suspicion, which is an inadequate

basis for the introduction of evidence found during an illegal search.

█ █ Armed with these suspicions, Officer Wentz then conducted his initial warrantless search and seizure. The state has the burden of justifying a warrantless search by showing the search is within an exception to the Fourth Amendment search warrant requirements, and not merely a pretext for an illegal exploratory search. *Coolidge v. New Hampshire, supra; Chapman v. United States,* 365 U.S. 610, 5 L. Ed. 2d 828, 81 S. Ct. 776 (1961); *State v. Singleton,* 9 Wn. App. 327, 511 P.2d 1396 (1973). The United States Supreme Court has held in many instances that consent to search a hotel room cannot rest upon the hotel proprietor. *Stoner v. California,* 376 U.S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889 (1964); *United States v. Jeffers,* 342 U.S. 48, 96 L. Ed. 59, 72 S. Ct. 93 (1951); *Lustig v. United States,* 338 U.S. 74, 93 L. Ed. 1819, 69 S. Ct. 1372 (1949).

The trial court held the actions of Officer Wentz constituted an illegal search and seizure, violative of Fourth Amendment protections. We agree, and note that only as a product of this illegal search is the first evidence found of criminal activity which rises beyond mere suspicion, specifically the serial number of a TV set later determined to be stolen.

Secondly, defendant contends testimony at trial concerning the evidence obtained in the search is evidence tainted by the illegal search and seizure and thus is not admissible. The prosecutor attempted to supplant the actual introduction into evidence of the stolen property illegally seized, by the testimony of the crime victims and the testimony of Officer Wentz. Defendant argues all this testimony is derivative evidence from the illegal search and therefore is "fruit of the poisonous tree." We agree. Evidence obtained as the result of an unlawful search is subject to the exclusionary rule and is inadmissible. *Wong Sun v. United States, supra; McNear v. Rhay,* 65 Wn.2d 530, 398 P.2d 732 (1965).

142

Judgment of the trial court is reversed and remanded for new trial.

GREEN, C.J., and MUNSON, J., concur.