[No. 11982-6-I.  Division One.  July 12, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. SAMUEL K. CHILDRESS, *Appellant.*

---

*David Wohl* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Theresa Schrempp, Deputy,* for respondent.

CORBETT, J.—Samuel K. Childress appeals his judgment and sentence for indecent liberties, alleging error in the denial of his motion to suppress testimony of the victim. We affirm.

In December 1980, the defendant resided in California. The California police illegally searched his apartment.[1] As a result of the illegal search, the police took from the defendant's wallet a photograph of two nude girls, a Washington driver's license and a bank check showing an Everett address. One of the girls depicted in the photograph told the California police that the other girl depicted was named Stephanie and that she lived in Seattle. The California police delivered the photograph of Stephanie and the address on the check to the Everett police. The Everett police canvassed the neighborhood around the Everett address and discovered that a girl named Stephanie resided on the street stated on the defendant's check. An officer showed the photograph to Stephanie's parents, who identified the girl as their daughter. The parents then asked her whether she had been keeping any secrets. Stephanie told them that she had been involved sexually with Samuel K.

---

[1]The State concedes the search was illegal. The record does not disclose a basis for the determination of illegality.

Childress and a young girl, and that pictures were taken. The parents relayed this information to the Everett police. After further investigation, the defendant was charged with indecent liberties. Defendant moved to suppress Stephanie's testimony, arguing that it was the fruit of an illegal search by the California police. The sole assignment of error is denial of the motion to suppress.

Evidence obtained either directly or indirectly from an unlawful search is subject to the exclusionary rule. *State v. O'Bremski,* 70 Wn.2d 425, 428, 423 P.2d 530 (1967). The rule is designed not only to deter unlawful police conduct, but also to protect individual rights. *State v. White,* 97 Wn.2d 92, 110, 640 P.2d 1061 (1982). While verbal evidence should not be "mechanically equated" with inanimate physical evidence, *United States v. Ceccolini,* 435 U.S. 268, 277, 55 L. Ed. 2d 268, 98 S. Ct. 1054 (1978), it nonetheless may be subject to exclusion when derived through police misconduct. *State v. York,* 11 Wn. App. 137, 140, 521 P.2d 950 (1974). Not all evidence, however, is suppressible simply because it would not have been discovered but for the illegal actions of police. *Wong Sun v. United States,* 371 U.S. 471, 488, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). The burden is upon the State to demonstrate sufficient attenuation from the illegal search to dissipate its taint. *State v. Moore,* 29 Wn. App. 354, 361, 628 P.2d 522 (1981); *Nardone v. United States,* 308 U.S. 338, 341, 84 L. Ed. 307, 60 S. Ct. 266 (1939).

Relevant factors to be considered in determining whether the witness' testimony is sufficiently attenuated from the police misconduct are: (1) the length of the "road" between the unlawful conduct of the police and the witness' testimony; (2) the degree of free will exercised by the witness; and (3) the fact that exclusion would permanently disable the witness from testifying about relevant and material facts, regardless of how unrelated such testimony might be to the purpose of the original illegal search or the evidence discovered thereby. *United States v. Ceccolini, supra* at 275–77. In the present case, the evidence indicated that the

victim's testimony was an act of free will, not coerced by police exploitation of the illegally seized evidence. In response to her parents' vague question as to whether she had been keeping secrets, Stephanie spontaneously told them about the criminal conduct and photograph. She was not shown the photograph until after she had recounted the events to her parents and given her statement to the police. The independent investigation by the Everett police also served to lengthen the "road" between the initial search and the testimony at trial. The paucity of the record with respect to the purpose and nature of the California search precludes an evaluation of the third factor suggested by *Ceccolini*. However, it seems reasonable to assume that the California police did not undertake the search with the expectation of finding evidence of an unknown crime in another state.

The illegal search merely suggested an investigation. The victim's testimony developed from the subsequent investigation. The testimony was sufficiently attenuated from the search to dissipate the taint of illegality. The trial court did not err in denying the motion to suppress.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied August 31, 1983.

Review denied by Supreme Court December 15, 1983.