[No. 20434–3–I.   Division One.   May 8, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ROGER PITTMAN, *Appellant.*

*James E. Lobsenz* and *Wolfe & Lobsenz,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Daniel T. Satterberg, Deputy,* for respondent.

WINSOR, J.—James Roger Pittman appeals from a judgment and sentence for two counts of second degree assault. We vacate the sentence and remand for resentencing.

Pittman was charged with two counts of second degree assault in violation of former RCW 9A.36.020(1)(c).[1] Each count arose from the same criminal acts, but involved different victims. The charges resulted from an incident in which Pittman fired a revolver in the direction of his ex–wife, E., and her male companion.

A jury found Pittman guilty on both counts. At sentencing, the court found that Pittman's two offenses encompassed the same criminal conduct under *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986),[2] and treated the two convictions as one crime for offender score purposes. This resulted in Pittman having a 0 offender score and a standard sentencing range of 3 to 9 months. The trial court imposed a 14–month exceptional sentence, however, on the basis of these written reasons:

### I. FINDINGS OF FACT

The nature of the weapon used in this assault, the fact the firearm was displayed and fired in the direction of the two victims and created a great deal of apprehension on the part of both victims.

### II. CONCLUSIONS OF LAW

The fact the defendant assaulted and thereby harmed two separate victims justifies an exceptional sentence on the basis the harm done exceeds that of the sentencing range for one assault.

Pittman sought review of his conviction and exceptional sentence. Shortly after Pittman filed his opening appellate brief, the Washington Supreme Court decided *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160

---

[1]RCW 9A.36.020(1)(c), which was repealed effective July 1, 1988, provided:

"Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

" . . .

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm[.]"

[2]*Edwards* held in part that crimes against two victims could constitute the same criminal conduct for sentencing purposes. This aspect of *Edwards* was subsequently overruled in *State v. Dunaway,* 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

(1987), which partially overruled *Edwards* and held in relevant part that:

> Convictions of crimes involving multiple victims must be treated separately. To hold otherwise would ignore two of the purposes expressed in the SRA: ensuring that punishment is proportionate to the seriousness of the offense, and protecting the public.

109 Wn.2d at 215. Under *Dunaway,* Pittman's offender score would be 2,[3] and his standard sentencing range would be 12 to 14 months. The State relies upon *Dunaway* as a basis for affirming Pittman's sentence, but does not cross–appeal from, or assign error to, the trial court's same criminal conduct and offender score determinations.

### Exceptional Sentence

Pittman first contends that his exceptional sentence should be vacated because the reasons given by the trial court do not justify an exceptional sentence. We agree.

■■ In reviewing an exceptional sentence, the court determines whether there are substantial and compelling reasons supported by the record that justify the exceptional sentence. If there are, the sentence may be reversed only if it is excessive. *State v. Nordby,* 106 Wn.2d 514, 517–18, 723 P.2d 1117 (1986); *State v. Falling,* 50 Wn. App. 47, 53, 747 P.2d 1119 (1987). The reasons for imposing an exceptional sentence cannot include factors inherent in the offense, as they presumably were used to compute the presumptive range for the charge. *State v. McAlpin,* 108 Wn.2d 458, 463, 740 P.2d 824 (1987); *Nordby,* 106 Wn.2d at 518.

Here, the parties agree that the trial court's reasons are supported by the record, and Pittman does not argue that his sentence is clearly excessive. Accordingly, the only sentencing issue we address is whether, as a matter of law, the trial court's reasons are substantial and compelling, and justify an exceptional sentence.

---

[3]Because Pittman's convictions are for violent offenses as defined in RCW 9.94A.030(29)(a), formerly codified at RCW 9.94A.030(26)(a), each has an offender score of 2. RCW 9.94A.360(9), formerly codified at RCW 9.94A.360(8).

■ To the extent that the trial court justified Pittman's exceptional sentence by its finding that Pittman used a firearm and created apprehension in his victims, the court erred. These factors inhere in Pittman's offense and were used to compute the presumptive sentencing range for RCW 9A.36.020(1)(c) convictions. They cannot also be used to support an exceptional sentence. Moreover, when use of a firearm could have been used to increase the presumptive range of a sentence under RCW 9.94A.125 and 9.94A-.310(3),[4] that factor cannot be used as an aggravating factor in setting an exceptional sentence. *State v. Gunther,* 45 Wn. App. 755, 759–60, 727 P.2d 258 (1986). Therefore, the dispositive question concerning Pittman's exceptional sentence is whether the fact that Pittman assaulted two victims justifies an exceptional sentence.

Two statutory aggravating factors are related to the trial court's multiple victim rationale: RCW 9.94A.390(2)(c)(i), which makes it an aggravating circumstance that the current offense involved multiple victims or multiple incidents with the same victim;[5] and RCW 9.94A.390(2)(f), which makes it an aggravating circumstance that the multiple offense policy of RCW 9.94A.400 results in too lenient a sentence. Neither of these factors justifies Pittman's exceptional sentence.

■ In *State v. Fisher,* 108 Wn.2d 419, 739 P.2d 683 (1987), the Supreme Court considered application of a prior

---

[4]RCW 9.94A.125 and 9.94A.310(3) permit the presumptive range for certain crimes, including assault in the second degree, to be enhanced when the State alleges, and the trier of fact finds, that defendant was armed with a deadly weapon while committing the crime.

[5]Although the language of RCW 9.94A.390(2)(c)(i) expressly refers only to major economic offenses, the section is applicable to noneconomic offenses. *State v. Fisher,* 108 Wn.2d 419, 425, 739 P.2d 683 (1987); *State v. Armstrong,* 106 Wn.2d 547, 550, 723 P.2d 1111 (1986).

codification of RCW 9.94A.390(2)(c)(i) and held that when the multiplicity of incidents has been accounted for in computing a defendant's offender score and presumptive range, it cannot also be used to justify an exceptional sentence. 108 Wn.2d at 426. In other words, this factor may only be used when "the conduct forming the basis of the charge creates multiple victims," *State v. Davis,* 53 Wn. App. 306, 313, 766 P.2d 1120, *review denied,* 112 Wn.2d 1015 (1989), and the State has not filed multiple charges. Here, multiple charges were filed. The trial court's reliance on RCW 9.94A.390(2)(c)(i) was error.

*Fisher* also precludes reliance on RCW 9.94A-.390(2)(f) as a basis for upholding Pittman's exceptional sentence. That provision permits imposition of an exceptional sentence when the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient. In *Fisher,* the court explained that:

> It is proper to rely on this aggravating factor when there is some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range.

108 Wn.2d at 428. Under *Fisher,* reliance on RCW 9.94A-.390(2)(f) is error when the "offenses essentially involved two similar acts and there is no evidence that the multiplicity of the offenses had any egregious effects." 108 Wn.2d at 429. *Accord, State v. Tunell,* 51 Wn. App. 274, 281 n.5, 753 P.2d 543, *review denied,* 110 Wn.2d 1036 (1988). Here, the State does not argue that Pittman's acts had particularly egregious effects, and there is no such evidence in the record. The trial court's reliance on RCW 9.94A.390(2)(f) was therefore improper.

Because the reasons given by the trial court were not substantial and compelling under the SRA, we vacate Pittman's exceptional sentence and remand for resentencing.

## PROCEDURE AT RESENTENCING

Pittman contends that at his resentencing,[6] the trial court should be bound by its prior 0 offender score calculation. Pittman argues that because the State did not perfect a cross appeal, the 0 offender score became "the law of the case." We disagree.

Despite the State's failure to cross–appeal, the trial court is not bound by its prior "same criminal conduct" determination and offender score calculation. "'When a sentence has been imposed for which there is no authority in law, the trial court has the *power and duty to correct the erroneous sentence, when the error is discovered.'"* *In re Carle,* 93 Wn.2d 31, 33, 604 P.2d 1293 (1980) (quoting *McNutt v. Delmore,* 47 Wn.2d 563, 565, 288 P.2d 848 (1955), *cert. denied,* 350 U.S. 1002, 100 L. Ed. 866, 76 S. Ct. 550 (1956)). In other words, a trial court retains the power to correct an erroneous sentence. *Carle,* 93 Wn.2d at 33–34; *see also In re Shriner,* 95 Wn.2d 541, 544, 627 P.2d 99 (1981); *Brooks v. Rhay,* 92 Wn.2d 876, 877, 602 P.2d 356 (1979).

Our Supreme Court adheres to the principle "that when the highest appellate court construes a statute, that construction must be read into the statute as if it had been enacted that way originally." *State v. Darden,* 99 Wn.2d 675, 679, 663 P.2d 1352 (1983).

It is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of the court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*

(Citations omitted.) *Johnson v. Morris,* 87 Wn.2d 922, 927–28, 557 P.2d 1299 (1976). Accordingly, the *Dunaway* court's

---

[6]The State asserts that a resentencing is unnecessary because Pittman's 14–month exceptional sentence is within the standard range of a properly computed sentence. We reject this argument as we are unwilling to presume that the trial judge would impose the same sentence on remand.

construction of "same criminal conduct" as used in RCW 9.94A.400 operates as if it were originally written into that provision.[7] The trial court's same criminal conduct and offender score determinations in the instant case were therefore "erroneous," and must be corrected at Pittman's resentencing.

## EVIDENTIARY ERROR

Pittman last contends that the trial court committed reversible error in overruling an evidentiary objection. Pittman argues that the evidence was irrelevant and prejudicial. The State responds that because Pittman made only a general objection to the testimony, the trial court's ruling was not preserved for appellate review.

The evidence was solicited on direct examination of Pittman's ex–wife, E.:

Q Have you received any communications from members of the Pittman family regarding your cooperating with the prosecution in this case?
A Yes.
Q And would it be fair to characterize them pressuring you not to cooperate?
　　　MR. ALLEN [Counsel for Pittman]: Objection, your Honor.
　　　THE COURT: She may answer.
A Can you repeat the question?
Q . . . Would it be fair to characterize them as approaching you not to cooperate with the State of Washington in this case?
A Yes.
Q Have you had contact from more than one member of the Pittman family along that line?
A No. One.
Q Who is that?
A [T.]
Q Who is [T.]?
A James' oldest daughter.

---

[7]A similar result was reached in *State v. Pittman*, 49 Wn. App. 899, 902–03, 746 P.2d 846 (1987), *review denied*, 110 Wn.2d 1015 (1988), where the appellate court ordered that appellant be resentenced pursuant to *Dunaway*, although appellant's original sentence was imposed before *Dunaway* was decided.

■ As a general rule, an objection that does not specify the particular ground upon which it is made does not preserve the question for appellate review. *State v. Guloy,* 104 Wn.2d 412, 422, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986); *State v. Boast,* 87 Wn.2d 447, 451–52, 553 P.2d 1322 (1976). "The only exception to this rule is that the propriety of the ruling will be examined on appeal if the specific basis for the objection was 'apparent from the context.'" 5 K. Tegland, Wash. Prac., *Evidence* § 10, at 33 (3d ed. 1989); *cf. State v. Barefield,* 47 Wn. App. 444, 460, 735 P.2d 1339 (1987), *aff'd,* 110 Wn.2d 728, 756 P.2d 731 (1988). This exception is inapplicable here. The question to which Pittman objected was obviously leading. That it was irrelevant as well probably required explanation to the trial court. Consequently, the relevancy basis now asserted was not "apparent from the context."

We affirm Pittman's conviction, but vacate his exceptional sentence and remand for resentencing.

SWANSON and SCHOLFIELD, JJ., concur.