977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ora Otis KIDD, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Respondent-Appellee.
 No. 91-35999.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Sept. 29, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Ora Otis Kidd was convicted in state court on three counts of second degree assault with a deadly weapon, and sentenced to serve concurrent 93-month sentences for each count. After losing his direct appeal,[1] Kidd filed a habeas petition in federal court. In his petition Kidd alleges that the trial court, relying on aggravating factors, in effect sentenced him for greater crimes than second degree assault. Kidd also contends that the Washington Court of Appeals failed to consider his challenges to two of the factors on direct appeal. The district court dismissed Kidd's petition without an evidentiary hearing. We affirm.[2]
 
 I.
 
 3
 Kidd maintains that the trial court's decision to impose exceptional sentences for the assault convictions violated his right to jury trial. Washington permits the imposition of an exceptional sentence for second degree assault when supported by substantial and compelling aggravating factors. See Wash.Rev.Code Ann. Section 9.94A.120(2).[3] Kidd argues that this practice as applied in his case yielded sentences appropriate for the greater crimes of first degree assault and attempted murder. The jury had acquitted Kidd of these greater charges.
 
 
 4
 The trial court identified eight aggravating factors which it found justified exceptional sentences. These factors included a finding that Kidd had shot unarmed victims in acts of deliberate and extreme cruelty. The Washington Court of Appeals rejected two of the factors, but affirmed the exceptional sentences based on the remaining six.[4]
 
 
 5
 Contrary to Kidd's suggestion, the aggravating factors do not convert a second degree assault into an attempted murder or a first degree assault. None of the eight aggravating factors was an element of one of the greater crimes with which Kidd was charged but not convicted. See Wash.Rev.Code Ann. Sections 9A.36.010 (defining first degree assault); 9A.28.020(1), (3)(a) (defining first degree attempted murder).[5] This case is distinguishable from those in which a state withdraws an element from the definition of a crime for which the Constitution requires a jury determination. See, e.g., Adamson v. Ricketts, 865 F.2d 1011, 1029 (9th Cir.1988) (holding unconstitutional an Arizona sentencing scheme for capital murder).[6] Kidd's argument is a challenge only to the trial court's application of Washington law, and thus raises no federal constitutional question reviewable on habeas.
 
 II.
 
 6
 Kidd asserts that the Washington Court of Appeals denied him due process on direct appeal when it rejected without discussion his challenges to four of the aggravating factors. We disagree. No federal constitutional rule compels a state appellate court to provide a detailed response to every argument that a party makes. A state like Washington which provides a right of appeal from a criminal conviction need only ensure that the right "be kept free from unreasoned distinctions that can impede open and equal access to the courts." Rinaldi v. Yeager, 384 U.S. 305, 310 (1966). Summary adjudication of perceptively weak arguments poses no injury to Kidd's due process interest.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 See State v. Kidd, 57 Wash.App. 95, 786 P.2d 847, review denied, 115 Wash.2d 1010, 797 P.2d 511 (1990)
 
 
 [2]
 We decline the state's invitation to dismiss this appeal on the basis of the concurrent sentence doctrine. See United States v. DeBright, 730 F.2d 1255, 1260 (9th Cir.1984) (en banc)
 
 
 [3]
 Washington's Sentencing Reform Act provides an illustrative list of aggravating circumstances which may justify an exceptional sentence in a given case. See Wash.Rev. Code Ann. Section 9.94A.390(2). These circumstances include the manifestation of deliberate cruelty to a victim and the involvement of multiple victims where the State has not filed multiple charges. See id.; State v. Pittman, 54 Wash.App. 58, 772 P.2d 516, 519, review denied, 112 Wash.2d 1015, 811 P.2d 219 (1989)
 
 
 [4]
 The remaining six aggravating factors included: (1) victims were particularly vulnerable due to their enclosure on a bus; (2) other passengers on the bus were unable to protect themselves; (3) the bus was in motion, further endangering victims and passengers; (4) bystanders were put at risk; (5) the assaults were acts of deliberate and extreme cruelty towards unarmed victims; and (6) victims suffered injuries more serious than those suffered by a typical assault victim. See Kidd, 786 P.2d at 852-54
 
 
 [5]
 The State also points out that second degree assault requires a lesser degree of intent than do the greater crimes. The jury impliedly found that Kidd lacked the degree of intent at the time of the assaults to support convictions for the greater crimes. None of the factors upon which the trial court relied for sentencing disturb the jury's findings in this regard
 
 
 [6]
 Washington prohibits its courts from imposing an exceptional sentence based upon an aggravating factor inherent in the offense. State v. McAlpin, 108 Wash.2d 458, 740 P.2d 824, 826-27 (1987)