FILED
COURT OF APPEALS
DIVISION II

2013 JUN 12 AM 11: 09

STATE OF WASHINGTON

BY_____
DEPUTY

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>BRIAN LEE BEDILION,<br><br>Appellant. | No. 41083-4-II<br>Consolidated with No. 41086-9-II,<br>No. 41093-1-II<br><br><br>UNPUBLISHED OPINION |

QUINN-BRINTNALL, P.J — A jury found Brian Bedilion guilty of one count of second degree theft, one count of second degree identity theft, and three counts of forgery (the 2008 case). The jury also found that the forgeries were major economic offenses. Bedilion then entered into a plea agreement resolving the remaining cases then pending against him (the 2007 and 2009 cases) resulting in a total sentence of 156 months. Bedilion argues that insufficient evidence supports the jury's verdict finding him guilty of the second degree theft and two of the forgery counts. Bedilion also argues that insufficient evidence supports the jury's verdicts on the major economic offense aggravating factor. Finally, Bedilion argues that he should be permitted

to withdraw his guilty pleas in the 2007 and 2009 cases because they were part of a "package deal" with the 2008 case and, as a result, the sentences are indivisible.[1]

Because Bedilion stipulated to the existence of the major economic offense aggravating factor, he is precluded from challenging the sufficiency of the evidence supporting it. We affirm the 2008 case in its entirety, and because there is no basis to allow Bedilion to withdraw his guilty pleas in the 2007 and 2009 cases, we do not address whether his 2007 and 2009 guilty pleas were part of a "package deal" rendering them indivisible from the sentence in Bedilion's 2008 case.

## FACTS

Between October 17, 2006, and October 22, 2006, Bedilion passed the following checks:

Check number 10516 to GI Joe's on October 17th, 2006.
Check number 10520 to GI Thunderbird on October 14th or 19th, 2006.
Check number 10522 to Marlene's on October 19th, 2006.
Check number 10528 to GI Joe's on October 20th, 2006.
Check number 10531 to PetSmart on October 20th, 2006.
Check number 10532 to GI Joe's on October 20th, 2006.
Check number 10534 to Big 5 on October 20th, 2006.
Check number 10541 to Gottschalk's on October 21st, 2006.
Check number 10543 to [World Market] on October 22nd, 2006.

Clerk's Papers (CP) at 118. The checks contained an account number belonging to Jostein Tvedt's business, Painters West, but Bedilion's name was printed on the face of the check. On January 8, 2009, the State filed an amended information charging Bedilion with one count of

---

[1] Bedilion also challenges the special verdict form on the grounds that the special verdict form violated the nonunanimity rule articulated in *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010), and *State v. Goldberg*, 149 Wn.2d 888, 72 P.3d 1083 (2003). But our Supreme Court overturned *Goldberg* and *Bashaw* in *State v. Nuñez*, 174 Wn.2d 707, 285 P.3d 21 (2012), so special verdict forms are no longer required to comply with the *Bashaw* nonunanimity rule. Accordingly, we do not further address this issue.

first degree identity theft and two counts of forgery. Bedilion entered a guilty plea to the amended information. On March 25, 2009, Bedilion was permitted to withdraw his guilty plea.

On September 3, 2009, the State filed a second amended information charging Bedilion with 11 counts, all related to the 9 checks Bedilion passed between October 17 to 22, 2006:

Count I: First degree identity theft
Count II: First degree theft
Count III: Forgery (check #10516)
Count IV: Forgery (check #10520)
Count V: Forgery (check #10522)
Count VI: Forgery (check #10528)
Count VII: Forgery (check #10531)
Count VIII: Forgery (check #10532)
Count IX: Forgery (check #10534)
Count X: Forgery (check #10541)
Count XI: Forgery (check #10543)

A jury trial began on September 14, 2009. On September 25, the jury returned guilty verdicts on the lesser included offense of second degree identity theft, the lesser included offense of second degree theft, and the forgeries charged in counts IV (check #10520 to GI Thunderbird), IX (check #10534 to Big 5), and XI (check #10543 to World Market). The jury also found that counts IV, IX, and XI were major economic offenses or a series of offenses.

The trial court sentenced Bedilion on September 29. That same day, Bedilion also pleaded guilty to the 2007 and 2009 cases. Bedilion stipulated that the major economic offense aggravating factor existed on counts IV, IX, and XI of the 2008 case. Pursuant to the plea agreement on the 2007 and 2009 cases, Bedilion was sentenced to a total of 156 months. Bedilion's standard sentencing range on the 2008 case was 43 to 57 months; the trial court sentenced him to 30 months, an exceptional sentence below the standard range. Bedilion's standard sentencing range on the 2007 case was 63 to 84 months; the trial court sentenced him to 63 months. Bedilion's standard sentencing range on the 2009 case was 63 to 84 months; the trial

3

court sentenced him to 63 months. To reach the agreed upon 156 months, all three sentences were ordered to be served consecutively. Bedilion appeals.[2]

## ANALYSIS

In his appeal of the 2008 case, Bedilion challenges the sufficiency of the evidence supporting the jury's verdict finding him guilty of counts II, IX, and XI. In addition, Bedilion challenges the sufficiency of the evidence supporting the jury's verdict finding the major economic offense aggravating factor. Sufficient evidence supports the jury's verdict finding Bedilion guilty of counts IX and XI beyond a reasonable doubt. Furthermore, Bedilion stipulated to the major economic aggravating factors as they related to the charges in the 2008 case and may not now challenge the sufficiency of the evidence supporting it.

SUFFICIENCY OF THE EVIDENCE - COUNTS IX AND XI

Evidence is sufficient if, when viewed in a light most favorable to the jury's verdict, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Our role is not to reweigh the evidence and substitute our judgment for that of the jury. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Instead, because they observed the witnesses testify first hand, we defer to the jurors' resolution of conflicting testimony, evaluation of witness credibility, and decisions

---

[2] Bedilion untimely appealed all three cases to this court on August 16, 2010. A commissioner of this court granted Bedilion's motion to accept the untimely appeal and consolidated the three appeals.

regarding the persuasiveness and the appropriate weight to be given the evidence. *See State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533, *review denied*, 119 Wn.2d 1011 (1992).

To convict Bedilion of forgery, the State was required to prove

> (1) [t]hat on or about the [date] the defendant possessed or offered or put off as true a written instrument which had been falsely made, completed or altered;
> (2) That the defendant knew that the instrument had been falsely made, completed or altered;
> (3) That the defendant acted with intent to injure or defraud; and
> (4) That the acts occurred in the State of Washington.

CP at 260. When the forgery is connected with an identity theft, "the crime will be considered to have been committed in any locality where the person whose means of identification or financial information was appropriated resides." RCW 9A.60.020(2).

Bedilion challenges only the sufficiency of the evidence proving that the forgeries in counts IX and XI occurred in the State of Washington. Specifically, Bedilion argues that because no witnesses from Big 5 or World Market testified that Bedilion presented the check in a store located in Washington, a reasonable jury could not have concluded that the forgeries were committed in the State of Washington. But the State met its burden of proof by presenting sufficient evidence to prove that Tvedt, the victim of the identity theft, resides in Washington, and Bedilion's claim fails.

The State charged Bedilion with one count of identity theft for using Tvedt's bank account number without Tvedt's authorization. The jury found Bedilion guilty of second degree identity theft and Bedilion does not challenge the jury's verdict on this count. Because the

5

alleged forgeries were related to the identity theft, the State was only required to prove that the victim of the identity theft, Tvedt, resides in the State of Washington.[3] RCW 9A.60.020(2).

Tvedt testified that he operates his business from his home located in University Place. Detective Jeffrey Maziarski of the Pierce County Sheriff's Office testified that he works as a detective for University Place which is a Pierce County Sheriff's Office contract city. Maziarski also testified that he was assigned to investigate the forged checks written on Tvedt's business accounts. Tvedt's testimony establishes that he resides and operates his business from his home in University Place and Maziarski's testimony establishes that University Place is in Pierce County, Washington. Accordingly, the State presented sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that the forgeries occurred within the State of Washington.

SUFFICIENCY OF THE EVIDENCE - COUNT II

Bedilion also argues that substantial evidence does not support the jury's verdict on count II because without including the amounts from the checks in counts IX and XI, the aggregate total is less than the $250 required to establish second degree theft. Former RCW 9A.56.040 (1995). But our review of the record reveals that sufficient evidence supports the jury's guilty verdicts on counts IX and XI, therefore the aggregate total is above the $250 required to support the jury's verdict finding Bedilion guilty of second degree theft.

Substantial evidence supports the jury's verdicts on counts II, IX, and XI.

---

[3] Bedilion does not raise any issues related to venue.

AGGRAVATING FACTORS - MAJOR ECONOMIC OFFENSE

Bedilion argues that there was insufficient evidence for a reasonable jury to find that the forgeries in this case involved multiple victims and constitutes a major economic offense.[4] But Bedilion cannot now challenge the sufficiency of the evidence supporting the jury's verdict because he stipulated to the aggravating factors. Section III of the "Stipulation to Exceptional Sentences" provides,

> That in its verdict in cause number 08-1-01290-7, the jury found the aggravating factor of RCW 9.94A535(3)(d)(i) [sic] the current offense is a major economic offense based on the consideration that it involved multiple victims or multiple incidents per victim, on each of Counts IV, IX and XI. [Bedilion] stipulates that these aggravating factors exist on Counts IV, IX and XI. [Bedilion] also stipulates that the multiple offense policy of RCW 9.94A535(2)(b) [sic] applies on Counts IV, IX and XI.

CP at 285. Bedilion is precluded from challenging facts to which he stipulated. *See State v. Wolf*, 134 Wn. App. 196, 199, 139 P.3d 414 (2006), *review denied*, 160 Wn.2d 1015 (2007). Furthermore, as part of the plea agreement, Bedilion agreed to serve a total of 13 years which was reached by imposing consecutive sentences. Bedilion agreed to the imposition of consecutive sentences and stipulated to the aggravating factors supporting the imposition of consecutive sentences. Accordingly, we affirm.

---

[4] Bedilion attempts to frame his challenge to the major economic offense aggravating factor as a legal challenge. In his brief, he argues that the State is legally precluded from charging a major economic offense for each forgery because the State may not charge an aggravating factor based on multiple victims if a separate count is charged for each victim. *State v. Pittman*, 54 Wn. App. 58, 63, 772 P.2d 516 (1989) (multiple victims was not an appropriate aggravating factor when defendant was charged with one count of assault for each victim). However, the State argued that each forged check resulted in multiple victims: Tvedt, the store, the bank, and the check verification companies. Bedilion offers no argument why this would be legally insufficient to support charging aggravating factors. Instead, Bedilion's argument is based on allegations that the State failed to prove that each of these "victims" suffered a loss due to the forged checks. Accordingly, Bedilion's challenge is actually a factual challenge to the jury's verdict on the aggravating factor and we treat it as such.

7

Consol. Nos. 41083-4-II; 41086-9-II; 41093-1-II

GUILTY PLEAS IN THE 2007 AND 2009 CASES

Finally, Bedilion argues that we should permit him to withdraw his pleas in the 2007 and 2009 cases. However, Bedilion's argument is based on the assumption that we will reverse Bedilion's convictions or his sentence in the 2008 case, but there is no basis to do so. Bedilion may not withdraw his guilty pleas in the 2007 and 2009 cases.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, P.J.

We concur:

VAN DEREN, J.

PENOYAR, J.

8