NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBIN TAYLOR SCHREIBER, | No. 17-35886 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-05357-RJB |
| v. | |
| MIKE OBENLAND, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 7, 2018**
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,*** District Judge.

Robin Schreiber appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his sentence for second degree murder.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Schreiber argues that his sentence violates the Ex Post Facto Clause because it was based on Wash. Rev. Code § 9.94A.535(3)(v), a statutory provision that went into effect after Schreiber committed his crime. We affirm the district court's denial of his habeas corpus petition.

At the time of Schreiber's crime, Wash. Rev. Code § 9.94A.535 contained a list of aggravating factors that were "illustrative only, and . . . not an exclusive or exhaustive collection of all possible 'substantial and compelling reasons' which may support an exceptional sentence." *State v. Batista*, 808 P.2d 1141, 1145 (Wash. 1991) (quoting Wash. Rev. Code § 9.94A.535). The statute also allowed the application of common law aggravating factors. The Washington state courts had recognized a law enforcement aggravating factor. *See, e.g.*, *State v. Anderson*, 864 P.2d 1001, 1009 (Wash. Ct. App. 1994) ("[A] defendant's assault on a victim he knows is a police officer justifies an exceptional sentence."). The bill that amended Wash. Rev. Code § 9.94A.535 and added the "law enforcement" aggravator under which Schreiber was sentenced to those codified by statute made clear that "[t]he legislature intends . . . to codify existing common law aggravating factors, without expanding or restricting existing statutory or common law aggravating circumstances." S.B. 5477, 59th Leg., Reg. Sess. (Wash. 2005). Thus, although the Washington state legislature did not codify the "law enforcement" aggravating factor until after Schreiber committed his crime, the

2

"law enforcement" aggravating factor already existed as a matter of common law at the time of his crime.

Schreiber argues that, even if the aggravating factor existed at common law, the State nevertheless violated the Ex Post Facto Clause when it amended Schreiber's charging document to include a reference to the statutory factor after it was codified. But, under 28 U.S.C. § 2254(d), relief is only warranted if the state court adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting 28 U.S.C. § 2254(d)(1)). Schreiber has not identified any Supreme Court precedent forbidding a charge to be amended to include a reference to a statutory sentencing aggravator when the same aggravating factor already existed at common law at the time of the crime. He has therefore failed to show that the state court's decision rejecting his Ex Post Facto Clause challenge was contrary to or an unreasonable application of clearly established law.

Schreiber's claim that application of the aggravating factor in his sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is meritless. *Apprendi* only requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

3

a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The jury received proper instructions on the law enforcement aggravating factor and convicted Schreiber of the elements required for its application.

Finally, Schreiber suggests in his reply brief that his conviction violates *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), because his charging document did not list all the elements of the crime for which he was ultimately convicted. But because he failed to raise this argument below or in his opening brief, we treat it as forfeited and need not consider its merit. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").

**AFFIRMED.**