[No. 22786-6-I. Division One. January 8, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. TODD ALAN VANDERVLUGT, *Appellant.*

518

*Rita J. Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patricia Hall Clark, Deputy,* for respondent.

COLEMAN, C.J.—Todd Alan Vandervlugt appeals from the judgment and sentence entered pursuant to his conviction for first degree assault and first degree kidnapping while armed with a deadly weapon, claiming that the trial court erred by imposing an exceptional sentence. We affirm.

Jean Glenn placed an advertisement in the newspaper advertising a car for sale. On January 13, 1988, in response to that advertisement, Vandervlugt took a taxi to Glenn's home. Vandervlugt knocked on Glenn's door and was admitted inside. After a brief conversation about the car, Glenn went into another room in order to get the keys to the car. She next went into the kitchen to get her purse. Vandervlugt was standing in the kitchen holding a handgun in his right hand and a pair of handcuffs in his left hand. Vandervlugt then told Glenn to go downstairs. Vandervlugt shot Glenn in the back as she ran to the front door in an attempt to escape.

Vandervlugt fled Glenn's home, went to the apartment of Venus Reintsma, and knocked on the door. Reintsma answered the door and saw Vandervlugt standing there. Vandervlugt asked Reintsma if the Ford Escort parked out front was her car and further stated that he needed to have her car. He pulled a long–barreled revolver from his waistband and with the gun at his side, entered Reintsma's apartment. Once inside, Vandervlugt obtained the car keys to the Escort and searched the apartment for other occupants. Reintsma, who was 76 years of age, told him to put the gun away. She noticed that Vandervlugt appeared to be in need of counseling, and she wanted to help him. Vandervlugt took Reintsma out to her car and told her he wanted her to take him to a bus stop near the airport. The police arrested Vandervlugt shortly after Reintsma had driven out of the apartment parking lot.

On January 15, 1988, Vandervlugt was charged with first degree assault and first degree kidnapping while armed with a deadly weapon. On January 19, 1988, the trial court

ordered Vandervlugt committed to Western State Hospital in order to determine whether he was competent to stand trial or to enter a plea of guilty. The examining psychologist and psychiatrist at Western State Hospital reported to the trial court that Vandervlugt was competent to stand trial and competent to enter a plea. On March 1, 1988, the trial court concluded that Vandervlugt was competent to stand trial. On June 17, 1988, Vandervlugt pleaded guilty to count 1, first degree assault, and count 2, first degree kidnapping while armed with a deadly weapon, stipulating to the affidavit of probable cause and police reports. Under the Sentencing Reform Act of 1981 (SRA), the presumptive sentence ranges for these crimes are 129 to 171 months and 122 to 154 months respectively. The statutory maximum sentences are life in each case. RCW 9.94A.310. The State recommended that Vandervlugt serve 171 months on count 1 and 154 months on count 2 to run concurrently. On July 25, 1988, the trial court sentenced Vandervlugt to 129 months on count 1, first degree assault, and 122 months on count 2, first degree kidnapping while armed with a deadly weapon.[1] The exceptional sentence provisions of the SRA were invoked in order to cause the sentences to run consecutively. This appeal followed.

Appellant contends that the trial court abused its discretion by imposing an exceptional sentence, claiming that (1) the record does not support the trial court's finding that the victim in count 2 was particularly vulnerable due to advanced age, 76 years, (2) the record does not support the trial court's finding that appellant's act of shooting the victim in the back manifested deliberate cruelty to the victim, (3) appellant's mental illness was a mitigating factor, and (4) consecutive sentences were not justified.

The trial court may impose a sentence outside the standard range if it finds that there are "substantial and compelling reasons justifying an exceptional sentence." RCW

---

[1] The trial court also imposed a 1-year postrelease supervision. However, appellant does not contest that portion of his sentence.

9.94A.120(2). Whenever an exceptional sentence is imposed, the trial court shall set forth the reasons for its decision in written findings of fact and conclusions of law. RCW 9.94A.120(3).

■ In the instant case, the trial court gave the following reasons for imposing an exceptional sentence:

### I. FINDINGS OF FACT

1) The court finds that the victim in Count II, Venus Reintsma, was particularly vulnerable due to advanced age, 76 years.

2) The court finds that the defendant's act of shooting the victim in Count I, Jeannie Glenn, in the back manifested deliberate cruelty to the victim.

3) The court finds that an exceptional sentence above the standard range is necessary to protect the community and to get help for the defendant.

4) The court finds that the defendant requires mental health treatment and post–release supervision.

### II. CONCLUSIONS OF LAW

1) Pursuant to RCW 9.94A.390(2)(f), the operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter. Therefore, the court is imposing consecutive sentences in Counts I and II, rather than concurrent sentences.

The issue before this court is whether these reasons justify an exceptional sentence.

> In reviewing an exceptional sentence, this court must first determine whether the trial court's reasons are supported by the record. RCW 9.94A.210(4)(a); [State v.] McAlpin, 108 Wn.2d [458,] 462 [740 P.2d 824 (1987)]; [State v.] Nordby, 106 Wn.2d [514,] 517[–18, 723 P.2d 1117 (1986)]. . . . Second, the reviewing court must independently determine whether, as a matter of law, the trial court's reasons justify an exceptional sentence. RCW 9.94A.210(4)(a); McAlpin, 108 Wn.2d at 463; Nordby, 106 Wn.2d at 518. The reasons given must take into account factors other than those which are necessarily considered in computing the presumptive range for the offense. McAlpin, 108 Wn.2d at 463; Nordby, 106 Wn.2d at 518.

(Footnote omitted.) State v. Tunell, 51 Wn. App. 274, 278, 753 P.2d 543, review denied, 110 Wn.2d 1036 (1988).

State v. Butler, 53 Wn. App. 214, 224–25, 766 P.2d 505, review denied, 112 Wn.2d 1014 (1989).

The State concedes that the record does not support a finding of deliberate cruelty. The act of shooting Glenn was a factor already taken into consideration by the Legislature in determining the standard range for first degree assault. *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986).

Appellant next contends that the record does not support the trial court's finding that Reintsma was particularly vulnerable due to advanced age, arguing that that fact alone is insufficient to establish that Reintsma was "particularly vulnerable". We disagree.

■ The SRA explicitly provides that the trial court may consider that "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to . . . advanced age . . .". RCW 9.94A.390(2)(b). *State v. Jackmon*, 55 Wn. App. 562, 778 P.2d 1079 (1989) limited the application of this aggravating factor to cases where "the defendant not only knew or should have known of the victim's disability at the time of the offense, but also the victim's disability must have rendered the victim more vulnerable to the particular offense than a nondisabled victim would have been." *Jackmon*, at 567.

In the instant case, unlike in *Jackmon*, appellant knew at the time he selected his second victim that she was particularly vulnerable due to advanced age. There is evidence in the record that appellant, while armed and in need of transportation, first went to the apartment of Mr. Anderson, a younger male, before going to Reintsma's apartment. Upon observing Anderson, he bypassed Anderson's apartment without incident. One can infer from the record that appellant acted upon his perception of Reintsma, an elderly woman, as someone who would offer him little resistance due to her advanced age. Her age by necessity places her in a situation of vulnerability. Moreover, the fact that she responded well to the situation did not alter her vulnerability. She became a victim of the crime precisely because of her advanced age. *See State v. Clinton*, 48 Wn. App. 671, 676, 741 P.2d 52 (1987) (court held that where the victim of

an offense is particularly vulnerable due to advanced age, then that fact alone may, as a matter of law, be used to justify the imposition of an exceptional sentence).

■ Moreover, an exceptional sentence was clearly justified in the instant case on the basis of the trial court's conclusion that an exceptional sentence was necessary to protect the community. "The purposes of the sentencing reform act include imposing sufficient punishment upon the offender and protecting the public." *State v. Wood*, 42 Wn. App. 78, 82, 709 P.2d 1209 (1985), *review denied*, 105 Wn.2d 1010 (1986). "Given a history of similar acts or other corroborating evidence, the court may enhance the sentence on the basis of a considered assessment of future dangerousness." *State v. Olive*, 47 Wn. App. 147, 150, 734 P.2d 36, *review denied*, 109 Wn.2d 1017 (1987).

In the instant case, the record contains a history of similar acts and corroborating evidence. There was evidence that appellant had been convicted of second degree assault in September 1986 and that only 47 days after his release from that conviction appellant committed the crimes in the instant case. In a letter from DSHS, the doctor stated that

[i]n light of Mr. Vandervlugt's severe personality disorder and history of violent criminal behavior, we believe there is a reasonably high probability that without incarceration or some other highly structured form of supervision, he could become dangerous to himself or others. Owing to the chronic nature of his personality disorder and a social history of inadequate adjustment, his prognosis for change is quite poor.

It was clear from the evidence before the trial court that it was necessary to protect the community from appellant's future dangerousness. Appellant posed a threat to the community beyond that which could be ameliorated by incarceration for a period conforming to the standard range. Moreover, there was evidence before the trial court that appellant's condition is extremely difficult to treat and it was questionable whether appellant could ever be treated. Thus, the trial court's third reason is not clearly erroneous.

The trial court's final reason for imposing an exceptional sentence was based upon RCW 9.94A.390(2)(f) which lists

as an "aggravating circumstance" the possibility that "[t]he operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter . . .".

"It is proper to rely on this aggravating factor when there is some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range." *State v. Fisher*, 108 Wn.2d 419, 428, 739 P.2d 683 (1987). In the instant case, however, there was no evidence that the multiplicity of the offenses had any egregious effects. Therefore, the trial court's reliance on the aggravating factor in RCW 9.94A.390(2)(f) was inappropriate.

■ What appellant and respondent fail to point out, however, is that under RCW 9.94A.400(1)(a) consecutive sentences may be imposed under the exceptional sentence provisions of RCW 9.94A.390(2)(e) *or any other provision of RCW 9.94A.390*. RCW 9.94A.390 contains a nonexclusive list of aggravating factors. "[A]n appellate court can sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof, even if the trial court did not consider it." *LaMon v. Butler*, 112 Wn.2d 193, 200–01, 770 P.2d 1027 (1989).

■ Thus, under RCW 9.94A.400(1)(a), the fact that it was necessary to protect the public was by itself a substantial and compelling reason justifying the trial court's imposition of consecutive sentences. It is clear from the record that this ground was the court's primary and motivating reason for the exceptional sentence and therefore remand is unnecessary because it is apparent that the sentence would not change. *See State v. Fisher, supra* at 429 (court upheld exceptional sentence where only one out of four of the trial court's reasons were valid).

The judgment and sentence of the trial court is affirmed.

GROSSE, A.C.J., and PEKELIS, J., concur.