[No. 58641-1.   En Banc.   December 31, 1992.]

*In the Matter of the Personal Restraint of*
TODD A. VANDERVLUGT, *Petitioner.*

428

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Theresa Fricke, Senior Prosecuting Attorney,* for respondent.

JOHNSON, J. — Todd Vandervlugt pleaded guilty to first degree assault and first degree kidnapping while armed with a dangerous weapon. The sentencing judge imposed an exceptional sentence based in part on a finding of future dangerousness. Vandervlugt was sentenced on July 25, 1988.

On November 7, 1991, we issued our opinion in *State v. Barnes,* 117 Wn.2d 701, 818 P.2d 1088 (1991). In *Barnes,* we decided that a sentencing court may not rely on a finding of future dangerousness to support an exceptional sentence for a nonsexual offense. Vandervlugt subsequently filed a per-

sonal restraint petition challenging the appropriateness of the sentencing court's reliance on the finding of future dangerousness in his case. Pursuant to our holding in *Barnes*, we vacate Vandervlugt's sentence and remand for resentencing consistent with this opinion.

In January 1988, Todd Vandervlugt went to Jeannie Glenn's home in response to an ad for a car for sale.[1] Glenn let Vandervlugt into her house, and after a brief conversation, she went to another room to get her car keys. When she returned, Vandervlugt was waiting with a gun and a pair of handcuffs in his hands. Glenn turned and ran for the door, and Vandervlugt shot her in the back.

Vandervlugt fled from Glenn's house on foot. He went to an apartment a few blocks away and knocked on the door. When the resident, Greg Anderson, answered the door, Vandervlugt asked Anderson if anyone lived in the next apartment. Anderson answered "yes", and Vandervlugt went and knocked on the door of that apartment. Seventy-six-year-old Venus Reintsma answered the door. Vandervlugt pulled a gun from his waistband and forced Reintsma to give him her car keys. After searching the apartment for other occupants, Vandervlugt took Reintsma outside and the two got into her car. A police officer blocked the driveway and, after shooting out the tires of Reintsma's car, arrested Vandervlugt.

Vandervlugt eventually pleaded guilty to one count of first degree assault and one count of first degree kidnapping while armed with a dangerous weapon. The sentencing judge determined that Vandervlugt's offender score was 6. Vandervlugt's standard range under the Sentencing Reform Act of 1981 (SRA) for the assault charge was 129 to 171 months; the standard range for the kidnapping charge was 122 to 154 months.

The judge sentenced Vandervlugt to consecutive sentences of 129 months on the assault conviction and 122 months on

---

[1] The facts of this case are set out more fully in *State v. Vandervlugt*, 56 Wn. App. 517, 784 P.2d 546 (1990).

the kidnapping charge, for a total of 251 months in prison. Because the judge ordered the sentences to run consecutively, Vandervlugt received an exceptional sentence within the meaning of the SRA. *See* RCW 9.94A.400(1)(a); *State v. Batista*, 116 Wn.2d 777, 783, 808 P.2d 1141 (1991). Whenever a judge imposes an exceptional sentence, he or she must set forth the reasons for that sentence in written findings of fact and conclusions of law. RCW 9.94A.120(3). The judge in Vandervlugt's case entered four findings of fact to justify the exceptional sentence: (1) that Reintsma was particularly vulnerable due to advanced age; (2) that shooting Glenn in the back manifested deliberate cruelty to the victim; (3) that "an exceptional sentence above the standard range is necessary to protect the community and to get help for the defendant"; and (4) that Vandervlugt required mental health treatment and postrelease supervision. Pursuant to finding number four, the judge imposed 1 year of postrelease supervision as part of the sentence.

Vandervlugt appealed his sentence. The State conceded that the evidence was insufficient to support a finding of deliberate cruelty, and the Court of Appeals invalidated that finding. *State v. Vandervlugt*, 56 Wn. App. 517, 522, 784 P.2d 546 (1990). The court affirmed the sentence, however, on the grounds that both the victim vulnerability finding and the finding that the sentence was necessary to protect the public justified the exceptional sentence. The Court of Appeals characterized this latter finding as a finding of "future dangerousness". *Vandervlugt*, 56 Wn. App. at 523.

In August 1990, Vandervlugt filed a personal restraint petition (PRP) challenging the postrelease supervision component of his sentence. On October 25, 1990, this court filed its opinion in *State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990), holding that a finding of future dangerousness can support an exceptional sentence in a sexual offense case. In July 1991, Vandervlugt sent a letter to the Court of Appeals "supplementing" his earlier PRP. In that letter Vandervlugt argued the evidence was insufficient to support a finding of

future dangerousness. Vandervlugt sent two subsequent letters to the Court of Appeals. He characterized each of these letters as an "addendum" to his PRP. Vandervlugt first mentioned our decision in *Pryor* in his letter dated September 1, 1991.

The Court of Appeals granted Vandervlugt relief from the postrelease supervision element of his sentence. The court declined, however, to address any alleged error in the imposition of the consecutive sentences. The court concluded that Vandervlugt had previously raised the same issue on direct appeal and that he was therefore barred from raising the issue again in his PRP. *In re Vandervlugt*, noted at 62 Wn. App. 1028 (1991), slip op. at 2 n.1. The court did not mention our holding in *Pryor*.

On October 10, 1991, Vandervlugt filed a motion for reconsideration of the Court of Appeals decision on his PRP. The Court of Appeals forwarded the motion to this court. The deputy clerk of this court determined that the motion should be treated as a motion for discretionary review.

On November 7, 1991, we issued our decision in *Barnes*, holding that future dangerousness cannot be used to justify an exceptional sentence in a nonsexual offense case. We subsequently granted Vandervlugt's motion for discretionary review, appointed counsel for him, and directed that the parties brief the issue of how our decisions in *Barnes* and *Pryor* affect the trial judge's finding of future dangerousness.

## I

We first address the proper standard of review. On direct appeal Vandervlugt challenged the trial court's finding that protection of the community justified the exceptional sentence. The Court of Appeals treated this as a challenge to the finding of future dangerousness. *See Vandervlugt*, 56 Wn. App. at 523. The court reviewed all of the evidence that had been before the sentencing judge and determined that the evidence was sufficient to support the finding of future dangerousness. *Vandervlugt*, 56 Wn. App. at 523. Vander-

vlugt's PRP thus raises an issue that the Court of Appeals heard and decided on direct appeal.

■ We will not reconsider a claim that was rejected on its merits on direct appeal unless the petitioner shows that reconsideration will serve the ends of justice. *In re Jeffries*, 114 Wn.2d 485, 487, 789 P.2d 731 (1990); *In re Taylor*, 105 Wn.2d 683, 687, 717 P.2d 755 (1986). Vandervlugt must, therefore, show that reconsideration of the future dangerousness issue would serve the ends of justice. He has met this burden.

■ In *Taylor* the court considered whether a petitioner may raise an issue in a PRP if he or she had previously raised the same issue on direct appeal. The court held that "the mere fact that an issue was raised on appeal does not automatically bar review in a PRP." *Taylor*, 105 Wn.2d at 688. Instead, a petitioner may raise an issue again if the ends of justice would be served by reaching the merits of the PRP. *See Taylor*, 105 Wn.2d at 687-88. As an example of when the ends of justice might be served by reexamining an issue, the court noted that

> [e]ven if the same ground was rejected on the merits on a prior application, . . . the applicant may be entitled to a new hearing upon showing *an intervening change in the law . . .*.

*Taylor*, 105 Wn.2d at 688 (quoting *Sanders v. United States*, 373 U.S. 1, 16-17, 10 L. Ed. 2d 148, 83 S. Ct. 1068 (1963)).

The court considered the same issue in *Jeffries*. Pursuant to RCW 10.95.130, the petitioner in *Jeffries* challenged the proportionality of his death sentence. Because the petitioner had raised the same issue on direct appeal and in a previous PRP, the State argued that RAP 16.4(d) precluded the petitioner from raising the issue in his subsequent PRP. RAP 16.4(d) precludes a petitioner from bringing "more than one petition for similar relief" absent a showing of "good cause". Although the court recognized that the petitioner's claim was the same as the claim he had previously made, the court nonetheless addressed the merits of his petition. The court concluded that the intervening changes in our approach to proportionality analysis established

"good cause" within the meaning of RAP 16.4(d), and that application of the new standard would "serve the ends of justice" within the meaning of our holding in *Taylor*. *See Jeffries*, 114 Wn.2d at 488-89. The holdings in *Taylor* and *Jeffries* establish that reconsideration is warranted where there has been a significant intervening change in the law.

There have been two significant changes in the law that are material to Vandervlugt's sentence. The Court of Appeals issued its decision in Vandervlugt's direct appeal on January 8, 1990. As of that date, this court had yet to decide a case dealing with whether future dangerousness could justify an exceptional sentence. Since that time, this court has decided both *Pryor* and *Barnes*.

This court addressed future dangerousness for the first time in *State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990). In *Pryor* the court decided that a finding of future dangerousness can justify an exceptional sentence in cases involving sexual offenses. The finding of future dangerousness must be supported by findings that the defendant has committed similar criminal acts and that the defendant is not amenable to treatment. *Pryor*, 115 Wn.2d at 454. The finding of lack of amenability to treatment must be based on the expert testimony of a mental health professional. *Pryor*, 115 Wn.2d at 454-55; *State v. Strauss*, 119 Wn.2d 401, 421, 832 P.2d 78 (1992).

In *State v. Barnes*, 117 Wn.2d 701, 818 P.2d 1088 (1991), we noted that the decision in *Pryor* was supported by the Legislature's creation of a sentencing alternative for sexual offenders. *Barnes*, 117 Wn.2d at 705. Because the Legislature specifically authorized courts to consider a sexual offender's amenability to treatment and the risk to the community of releasing the offender, *see* RCW 9.94A.120(7), future dangerousness is a proper consideration in sexual offense cases. The Legislature has not, however, authorized such considerations in nonsexual offender cases. Absent legislative authorization and guidance of the type provided in sex offense sentencings, courts may not consider future dangerousness as a factor in

sentencing in nonsexual offenses. *Barnes*, 117 Wn.2d at 713 (Guy, J., concurring).

This court decided both *Pryor* and *Barnes* after the Court of Appeals decided Vandervlugt's direct appeal. Pursuant to the holdings in those cases, the trial court could not have considered future dangerousness as an aggravating factor when sentencing Vandervlugt. The holdings in *Pryor* and *Barnes* thus represent significant changes in the law that require us to reconsider the appropriateness of the sentencing court's use of future dangerousness to justify Vandervlugt's exceptional sentence.

The Rules of Appellate Procedure also support our finding that Vandervlugt is entitled to review of the merits of his petition. Anyone who is under "restraint" as defined in those rules may file a PRP challenging the lawfulness of that restraint. *See* RAP 16.4. Relief from restraint will be granted where the restraint is unlawful. RAP 16.4(a). A restraint is unlawful if there has been a significant change in the law that is material to the sentence and if there are sufficient reasons to require application of the changed legal standard to the petitioner's case. RAP 16.4(c)(4).[2]

The sentencing court relied primarily on its finding of future dangerousness to justify Vandervlugt's exceptional sentence. *Vandervlugt*, 56 Wn. App. at 524. The SRA only authorizes the imposition of an exceptional sentence if the reasons supporting the sentence are substantial, compelling, and consistent with the purposes of the SRA. RCW 9.94A-.120(2). When a judge relies on a factor that is not substantial, compelling, and consistent with the purposes of the SRA, that judge has exceeded his or her statutory authority. To the extent that the resulting sentence is based on the improper factor, that sentence is not authorized by law, and the resulting restraint is unlawful.

Pursuant to our holding in *Barnes*, a finding of future dangerousness could not today be used to justify Vandervlugt's

---

[2]There are other circumstances under which a restraint is unlawful. *See* RAP 16.4(c). The circumstance most applicable to Vandervlugt's PRP is the one dealing with significant changes in the law.

exceptional sentence. Our holdings in *Pryor* and *Barnes* therefore represent a change in the law that is material to Vandervlugt's sentence. Accordingly, we will review the merits of his petition.

## II

Vandervlugt has shown his eligibility for collateral relief. Before we will grant that relief, however, Vandervlugt must also show that sufficient reasons exist for applying the changed standard in his case. RAP 16.4(c)(4).

██ Vandervlugt established that there has been a significant change in the law material to his sentence. As a result, three of the four reasons that the sentencing judge relied on are invalid. More importantly, if we apply our holding in *Barnes* to this case, then the main factor upon which the sentencing judge relied is invalid. *See Vandervlugt*, 56 Wn. App. at 524 (the finding of future dangerousness "was the [trial] court's primary and motivating reason for the exceptional sentence"). Under these circumstances we could not say for certain that the judge would have imposed the same exceptional sentence had he known he could not rely on the improper factors. *See Pryor*, 115 Wn.2d at 456. Thus, on the facts of this case, it would be fundamentally unfair not to apply *Barnes* to Vandervlugt's sentence. Vandervlugt is therefore entitled to have his sentence reviewed.

The holding in *In re Carle*, 93 Wn.2d 31, 604 P.2d 1293 (1980) supports this conclusion. Carle pleaded guilty to first degree robbery while armed with a deadly weapon. Due to the enhanced penalty provision of former RCW 9.41.025,[3] Carle was subject to a minimum nondeferable and nonsuspendable 5-year sentence. *Carle*, 93 Wn.2d at 32. Carle did not challenge the enhanced penalty, and he did not appeal his sentence. *Carle*, 93 Wn.2d at 32. This court subsequently held that the enhanced penalty provision could not be applied to a conviction for first degree robbery. *See*

---

[3]Repealed by Laws of 1981, ch. 137, § 38; Laws of 1982, ch. 10, § 17; Laws of 1983, ch. 2, § 20; and Laws of 1984, ch. 209, § 31 (effective July 1, 1984).

*State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978). Carle then filed a PRP challenging the application of the enhanced penalty provision to his sentence. The court concluded that Carle's sentence was erroneous and that the court had "both the power and the duty to correct" the error. *Carle*, 93 Wn.2d at 33-34.

Vandervlugt's sentence is similarly erroneous. As was the case in *Carle*, the judge in Vandervlugt's case relied upon a factor later determined by this court to be improper. Vandervlugt is entitled to have the error corrected. *Cf. In re Williams*, 111 Wn.2d 353, 759 P.2d 436 (1988) (remand for resentencing is required when there was an error in the original sentence).

The State argues, however, that our holding in *Barnes* announced a new rule. Thus the State concludes that retroactivity analysis should control this issue. Under that analysis, the State contends that the "new rule" announced in *Barnes* should not apply retroactively to Vandervlugt's case. *See In re St. Pierre*, 118 Wn.2d 321, 823 P.2d 492 (1992) (holding that new rules do not apply retroactively except in certain limited circumstances). The State, however, misconstrues the nature of our decision in *Barnes*.

Our decision in *Barnes* did not announce a new rule. In *Barnes* we construed the meaning of a statute — the SRA.

> [I]t is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. In other words, there is no "retroactive" effect of a court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.*

*In re Moore*, 116 Wn.2d 30, 37, 803 P.2d 300 (1991) (quoting *State v. Darden*, 99 Wn.2d 675, 679, 663 P.2d 1352 (1983) (quoting *Johnson v. Morris*, 87 Wn.2d 922, 927-28, 557 P.2d 1299 (1976))). Our holding in *Barnes* relates back to the enactment of the SRA. Vandervlugt is entitled to have that holding applied in his case.

### III

While Vandervlugt has demonstrated that he is entitled to relief, he has not shown he is entitled to the specific relief requested. Vandervlugt asks that we vacate his sentence and remand with instructions for a new sentence within the standard range. Vandervlugt is not, however, necessarily entitled to a sentence within the standard range.

Our holding that the sentencing judge relied on an improper factor does not preclude an exceptional sentence on remand. *See Carle*, 93 Wn.2d at 34 (a finding that the trial court relied on an improper factor does not render the entire sentence invalid). Vandervlugt has shown that three of the four factors upon which the sentencing judge relied to justify the exceptional sentence are invalid. However, the remaining valid factor — victim vulnerability — may justify the exceptional sentence. The sentencing judge found that the victim in the kidnapping charge was particularly vulnerable due to her advanced age. A finding of victim vulnerability can support an exceptional sentence. RCW 9.94A-.390(2)(b). The Court of Appeals ruled that the evidence was sufficient to support the trial court's finding. *Vandervlugt*, 56 Wn. App. at 522-23. The evidence in the record supports the conclusion that Vandervlugt chose Reintsma as his victim precisely because he knew she was vulnerable because of her advanced age. *See Vandervlugt*, 56 Wn. App. at 522. The Legislature has specifically provided that courts may consider the advanced age of the victim as an aggravating factor justifying an exceptional sentence. *See* RCW 9.94A-.390(2)(b). Thus the finding of victim vulnerability may, by itself, justify Vandervlugt's exceptional sentence.

Nonetheless, we find it necessary to vacate Vandervlugt's sentence and remand for further consideration consistent with this opinion. The trial court relied primarily on the future dangerousness finding to justify the sentence. Where the trial court places significant weight on an inappropriate factor, it is generally necessary to remand for resentencing. *Pryor*, 115 Wn.2d at 456. This is particularly true where, as

here, three of the four factors upon which the trial court relied were invalid. *See Barnes*, 117 Wn.2d at 712 (in a companion case to *Barnes*, the court remanded for resentencing where four of the six factors relied upon by the trial court were improper). Therefore it is appropriate in this case to remand for resentencing.

Our decision to vacate Vandervlugt's sentence does not mean that all exceptional sentences based on findings of future dangerousness must be vacated in nonsexual offense cases. Each petition must be considered on its own facts. It may be that not all petitioners whose exceptional sentences were based in part on future dangerousness findings will be able to meet the requirements of RAP 16.4(c)(4). In Vandervlugt's case, however, only one valid aggravating factor remains. The particular circumstances of his case dictate that we vacate Vandervlugt's sentence.

We thus grant Vandervlugt's petition. We vacate his sentence and remand the case to the trial court for resentencing. At the resentencing, the trial court may not consider the invalid future dangerousness factor. If the trial court concludes that the finding of victim vulnerability by itself supports an exceptional sentence, the court may impose such a sentence consistent with this opinion and the SRA.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, and GUY, JJ., concur.

ANDERSEN, J., concurs in the result.

DURHAM, J. (dissenting) — I dissent. While I agree that the majority's conclusion is dictated by the plurality decision in *State v. Barnes*, 117 Wn.2d 701, 818 P.2d 1088 (1991), I continue to adhere to the views expressed in the well-reasoned dissent by Justice Dolliver in that same case.