**Lawrence Earl SIMS, Petitioner,**

v.

**Maggie MILLER–STOUT, Respondent.**

**No. 03–35714.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 17, 2005.

Kathleen Moran, Esq., Federal Public Defender's Office, Spokane, WA, for Petitioner.

Paul Douglas Weisser, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent.

Before: HUG, FERGUSON, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Lawrence Earl Sims ("Sims") appeals the district court's dismissal of his federal habeas corpus petition. On *de novo* review, *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir.2003), *cert. denied*, 541 U.S. 998, 124 S.Ct. 2039, 158 L.Ed.2d 510 (2004), we affirm.

▇ Sims failed to seek discretionary review in the Washington Supreme Court of claims raised in his first *pro se* personal restraint petition, which was consolidated with his counseled direct appeal. When Sims again raised the same claims in his second personal restraint petition, the Washington Supreme Court clearly and expressly denied review based on the rule of *In re Taylor*, 105 Wash.2d 683, 717 P.2d 755, 757–58 (1986), which generally prohibits relitigation in a personal restraint petition of claims already heard and decided on direct appeal. This procedural rule is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Its application is not interwoven with or dependent upon federal law, and it has been consistently and regularly applied by the Washington courts. *See, e.g., In re Gentry*, 137 Wash.2d 378, 972 P.2d 1250, 1256 (1999); *In re Lord*, 123 Wash.2d 296, 868 P.2d 835, 842 (1994); *In re Vandervlugt*, 120 Wash.2d 427, 842 P.2d 950, 953 (1992). Therefore, the Washington Supreme Court's reliance on *Taylor* bars review of Sims's claims here.

Our prior decisions are not to the contrary. Any suggestion in *Russell v. Rolfs*, 893 F.2d 1033 (9th Cir.1990), that *Taylor* only bars relitigation of claims previously heard and decided in the *same* reviewing court has been undermined by subsequent and controlling Washington Supreme Court precedent. *See, e.g., Vandervlugt*, 842 P.2d at 952–53 (applying *Taylor* to bar

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

relitigation of claims previously decided only by a lower court). Furthermore, *Pirtle v. Morgan,* 313 F.3d 1160 (9th Cir. 2002), is distinguishable. Unlike the petitioner in *Pirtle,* Sims had an opportunity in the consolidated proceeding on direct appeal to raise issues that required evidence outside the trial record. *Cf. id.* Moreover, in *Pirtle* the State conceded that the Washington Supreme Court had erroneously applied the *Taylor* bar to a claim that had not been raised, heard, or determined on direct review. *See id.* In contrast, Sims's claims in his second petition were substantially the same as those decided in the consolidated proceeding. *Pirtle'* s holding that "Washington's relitigation rule does not serve as a bar to habeas review," *see id.,* cannot sweep so broadly as to be controlling under the readily distinguishable facts presented here.

■ Finally, nothing compels us to relieve Sims of the procedural bar. His failure to seek discretionary review in the consolidated proceeding places this case well outside that "small category" in which substantial compliance with state procedural rules will permit federal review of an otherwise barred claim. *See Lee v. Kemna,* 534 U.S. 362, 381–86, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). Moreover, Sims has shown neither cause nor prejudice sufficient to excuse his default. His *pro se* status and legal inexperience do not establish cause, *see, e.g., Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 909 (9th Cir.1986), and his inability to develop the factual predicates for his claims did not affect his failure to seek discretionary review. His appellate counsel's effectiveness was largely beside the point because he had no constitutional right to counsel in his personal restraint petition proceeding, *see Coleman,* 501 U.S. at 752, 111 S.Ct. 2546, and he also failed to exhaust this claim as

required by *Edwards v. Carpenter,* 529 U.S. 446, 452–53, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Even if Sims could show cause for his default, he has not shown prejudice, *i.e.,* that his entire trial was infected with error of constitutional proportions. *See Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). While the evidence allegedly unavailable to Sims at trial—a police report, a letter, and the expected testimony of an absent witness—may have had some impeachment value, it is insufficient to shake our confidence in the conviction. By the same token, Sims has not produced reliable evidence of actual innocence sufficient to show that it is more likely than not that no reasonable juror would have convicted him. *See Griffin,* 350 F.3d at 960–61; *Carriger v. Stewart,* 132 F.3d 463, 478 (9th Cir.1997) (en banc). Thus no fundamental miscarriage of justice has occurred here.

Accordingly, the district court properly dismissed Sims's federal habeas petition as procedurally barred.

AFFIRMED.