IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35658-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS LEE WEATHERWAX, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Thomas Lee Weatherwax was resentenced in 2017 for convictions entered in 2014, after the Washington Supreme Court reversed this court's decision in *State v. Weatherwax*, 193 Wn. App. 667, 376 P.3d 1150 (2016) (published in part), *rev'd in part*, 188 Wn.2d 139, 392 P.3d 1054 (2017). He appeals, assigning error to the trial court's refusal to entertain his request for an exceptional mitigated sentence.

The State now concedes that it, and the trial court, construed the Supreme Court's mandate too narrowly. It also recognizes on appeal that based on the Supreme Court's construction of RCW 9.94A.589(1), the 120-month statutory maximum for Mr. Weatherwax's conviction of conspiracy to commit first degree assault was exceeded. We reverse the sentence and remand for a second resentencing.

BACKGROUND AND ANALYSIS

Thomas Lee Weatherwax was convicted in 2014 of eight crimes, a number of which were serious violent offenses. He appealed to this court. We reversed his convictions on three drive by shooting counts. *State v. Weatherwax*, No. 32708-6-III, slip. op. (unpublished portion) at 16-19 (May 3, 2016), https://www.courts.wa.gov /opinions pdf/327086.pub.pdf. A remaining issue raised by his appeal was how the multiple serious offense rule, RCW 9.94A.589(1), should be applied where the serious violent offense convictions we affirmed included three counts of first degree assault and one count of conspiracy to commit first degree assault. As we explained in our opinion,

> [RCW 9.94A.589(1)] ameliorates, somewhat, the impact of consecutively sentencing serious violent offenses by providing that the standard range for only one of the serious violent offenses is determined using an offender score that includes all of the offender's prior convictions and current offenses that are not serious violent offenses. The standard range for other serious violent offenses is determined using an offender score of zero. The statute explicitly provides that the offense that is sentenced using the full offender score is the offense with the "highest seriousness level under RCW 9.94A.515." RCW 9.94A.589(1)(b).

*Weatherwax*, 193 Wn. App. at 674.

Conspiracy to commit first degree assault has no seriousness level under RCW 9.94A.515. We rejected Mr. Weatherwax's argument that because another statute, RCW 9.94A.595, provides that the presumptive sentence for an anticipatory offense is 75 percent of the sentence range for the completed crime, we should apply the multiple serious offense rule as if conspiracy to commit first degree assault has the same

2

seriousness level as first degree assault. *Weatherwax*, 193 Wn. App. at 675-76. We held

that the trial court properly started with one of the first degree assault convictions as the

offense sentenced using the full offender score. *Id.*

The Supreme Court accepted review of that issue, rejected our construction of the

statute and, applying the rule of lenity, concluded:

> We hold that for purposes of RCW 9.94A.589(l)(b), (1) anticipatory
> offenses have the same seriousness level as their target crimes and (2) when
> the seriousness levels of two or more serious violent offenses are identical,
> the trial court must choose the offense whose standard range is lower as the
> starting point for calculating the consecutive sentences. We reverse and
> remand for resentencing consistent with this opinion.

*Weatherwax*, 188 Wn.2d at 156.

On remand to the trial court for resentencing, defense counsel asked the trial court

to impose an exceptional mitigated sentence, reducing his base sentence to zero on each

count and running the enhancements concurrently. The State argued that Mr.

Weatherwax was not entitled to request any type of mitigated or exceptional sentence

downward because he had not made such a request at his first sentencing and the

Supreme Court's mandate was limited. The trial court was forthright in acknowledging

that it believed it was operating under such a constraint and "if the court down the road

says I'm to redo this sentence a second or a third time, then that is what I'll do." Report

of Proceedings at 29-31.

The State now concedes, as it should, that the Supreme Court's mandate did not limit the trial court's discretion at resentencing. "[A] defendant 'may raise sentencing issues on a second appeal if, on the first appeal, the appellate court vacates the original sentence or remands for an entirely new sentencing proceeding, but not when the appellate court remands for the trial court to enter only a ministerial correction of the original sentence.'" *State v. Graham*, 178 Wn. App. 580, 587, 314 P.3d 1148 (2013) (quoting *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009)), *rev'd on other grounds*, 181 Wn.2d 878, 337 P.3d 319 (2014). The Supreme Court mandated this case to the trial court "for further proceedings in accordance with the attached true copy of the opinion." Clerk's Papers at 1. Its opinion had not remanded with directions to make a ministerial correction; it had remanded for resentencing consistent with the opinion. Whether the exceptional sentence Mr. Weatherwax requests may or should be granted are issues for the trial court, but he was and is entitled to make the request.

The State also now recognizes and points out on appeal that with conspiracy to commit first degree assault as the starting point for the sentence, the statutory maximum sentence comes into play. When the starting point for the sentence was first degree assault, a class A felony, the statutory maximum was life imprisonment and therefore not a consideration. RCW 9A.36.011(2); 9A.20.021(1)(a). A conspiracy to commit a class A felony other than murder in the first degree is a class B felony, however, with a statutory maximum of 10 years (120 months). RCW 9A.28.040(3)(b); 9A.20.021(1)(b).

4

No. 35658-2-III
*State v. Weatherwax*

When resentenced in 2017, Mr. Weatherwax was sentenced on the conspiracy to commit first degree assault count to 108 months' confinement for the base offense, an additional 120 months for the firearm enhancement, and 36 months of community custody, for a total of 264 months. A trial court errs "when it impos[es] a term of confinement plus a term of community custody exceeding the statutory maximum." *State v. Hernandez*, 185 Wn. App. 680, 688, 342 P.3d 820 (2015). The sentence imposed on count II must be reduced to the 120-month statutory maximum.

We reverse the sentence and remand for a second resentencing consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.                  Korsmo, J.

5